## KEY v. BOYD, Ex'r.

1. An executor who trades for a note, and in payment of it gives a note which he had taken for monies of the estate loaned to another, will not be allowed to charge the estate, if the note traded for proves valueless, as he has no right to mix the funds of the estate with his own.

Error to the Orphans' Court of Wilcox.

On the final settlement of the estate of James H. Gaston, by David Boyd, executor, an exception was taken to one item of his account, claiming to be allowed the sum of $362, loaned to one Hall, on a note executed by one Holt, and secured by mortgage from Holt to Hall. At the settlement, the proof in relation to this item was, that Hall borrowed $300 in 1841, from the executor, for which he gave his note at twelve months. When this note became due, Hall took it up, and traded the executor a note on Holt for $1250. This was secured by a mortgage from Holt, on property then supposed to be his, but to which the title afterwards failed. Hall took his own note from the executor, in part payment for the one on Holt, and there was then due on Hall's note $336. The Court, under this proof, allowed the sum stated to the executor as a charge against the estate.

The legatee excepted, and this point is the only one assigned as error.

T. Williams, for the plaintiff in error, insisted, that when a trustee invests the trust money on mere personal securities, however unexceptionable they seem to be, yet in the event

of loss by the insolvency of the borrower, the trustee is responsible. 2 Story's Eq. 515, § 1274. So too, if he fails to call in mere personal securities. Powell v. Evans, 5 Vesey, 839; Langford v. Gascoigne, 11 Vesey, 333; Tabbs v. Carpenter, 1 Mad. 290; Underwood v. Stevens, 1 Merriv. 712; Hanbury v. Kirkland, 3 Sim. 263.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—Without considering the general question to which the plaintiff in error calls the attention of the court, we are clear the loss, under the circumstances disclosed, is not a proper charge against the estate for another reason. That is, because the interest which the executor now pretends to have in the note and mortgage of Holt, on account of the estate, is not for the whole sum, and as the entire note was traded for by the executor, he must be considered as solely interested. It is the duty of a trustee to keep the trust funds separate from his own, so as to be capable of identification, and if he mixes them with his own, it is said to be clear law, they are considered as his own. [Trecothie v. Austin, 4 Mason, 29.] The fact that the note of Holt was traded for by the executor, is decisive that the transaction must be viewed as being made on his own account, and that the loss must fall on him alone.

Decree reversed and remanded.